UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00289

THACKER INDUSTRIAL SERVICE CO,                                      Plaintiff

v.

AS&E TRUCKING, INC., K&K
LOGISTICS, L.L.C, and UV LOGISTICS, L.L.C.,                         Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant K&K Logistics, L.L.C.'s Motion to Set Aside Default. (Docket No. 39). Plaintiff Thacker Industrial Service Co. has responded, (Docket No. 42) and Defendant K&K Logistics has replied, (Docket No. 43). Further, Plaintiff has filed a Second Motion for Default Judgment. (Docket No. 40). Defendant has responded, (Docket No. 44). These matters are now fully briefed and ripe for adjudication. For the following reasons, Defendant's Motion to Set Aside Default is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED**.

**BACKGROUND**

This action arises out an agreement for Defendants to procure transportation of equipment purchased by Plaintiff. (Docket No. 1). Plaintiff Thacker retained UV Logistics, L.L.C. ("UVL"), a broker, to procure transportation of the equipment from Tennessee to Indiana. *Id.* UVL retained Defendant K&K Logistics, L.L.C. ("K&K"), a surface freight forwarder, and K&K retained Defendant AS&E Trucking, Inc. ("AS&E"), a motor carrier, to arrange the transportation. *Id.* The equipment was severely damaged in an accident, allegedly due to the negligence of AS&E. *Id.* Plaintiff brings a variety of claims against the Defendants.

1

Defendant K&K was properly served the Complaint and summons on April 6, 2014, and did not file a responsive pleading in this action. (Docket No. 10.)  The Court entered a default against K&K pursuant to Federal Rule of Civil Procedure 55(a).   Defendant K&K has moved to set aside that entry of default. (Docket No. 39).

## STANDARD

A party who fails to "plead or otherwise defend" may have an entry of default entered against him. Fed. R. Civ. P. 55(a). After an entry of default has been entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b).

The party in default may move to set aside an entry of default under Rule 55(c) or a default judgment under Rule 60(b). The Court considers the same three factors in deciding whether to grant such a motion under Rule 55(c) or Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). However, "a stricter standard applies for setting aside a default once it has ripened into a judgment." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  Finally, the Court considers the conflicting policies of "favoring finality of judgments," *Waifersong* 976 F.2d at 292, and "favoring trials on the merits." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 192 (6th Cir. 1986).

## DISCUSSION

This Court previously ordered an entry of default against K&K.  Default judgment has not been entered. *See generally Shepard*, 796 F.2d 190 (explaining the difference between entry of default and default judgment and the lower legal standard for the former).  The Court will set aside the entry of default.

2

Our courts have a "policy of favoring trials on the merits." *Shepard*, 796 F.2d at 192 (6th Cir.1986). Therefore, an entry of default may be set aside "upon a showing of 'good cause.'" *United States v. $ 22, 050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing Fed. R. Civ. P. 55(c)). A district court has discretion to set aside an entry of default, but is guided by three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether "culpable conduct of the defendant led to the default." *Shepard*, 796 F.2d at 192 (collecting cases).

First, setting aside the default judgment will not prejudice the Plaintiff. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F.2d at 845. Nevertheless, K&K's inattentiveness did cause Plaintiff to incur unnecessary expense. Because K&K failed to answer, Plaintiff incurred the attorneys' fees of filing the motion for default, motion for default judgment, and responding to K&K's motion to set aside default judgment. The Court orders K&K to reimburse these costs to Plaintiff. Plaintiff must file a motion for costs and attorneys' fees within fourteen days. This sanction remedies any prejudice to Plaintiff known to the Court at this time.

Second, this Court finds that K&K has meritorious defenses. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834 (quoting *Williams*, 346 F.3d at 614). "[T]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir.

2006) (citing *Williams v. Myer*, 346 F.3d 607, 614 (6th Cir. 2003)). While Plaintiff argues that K&K is strictly liable for the loss or injury to Plaintiff's property, K&K argues that Plaintiff misrepresented the value of the goods it was shipping, and that Plaintiff is estopped from asserting strict liability. Thus, the Court is satisfied that K&K has raised a meritorious defense to the Plaintiff's claims.

Finally, K&K does not appear to be culpable in failing to timely answer Plaintiff's complaint. To "be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Invst Fin. Grp, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987). K&K argues that its registered agent, Kamil Mamedov, is a Turkish national with English as his third language. Docket No. 39. He is the agent for both AS&E Trucking and K&K Logistics and was served with summons for both Defendants. *Id.* Due to his own mistake, he believed he was only being served for AS&E Trucking. Further, he claims he was confused about whether K&K was the insurer for AS&E, before realizing that K&K is insured under a separate insurance policy. K&K's reasons for the delay are plausible. The Court has no reason to suspect that K&K acted to delay the proceeding either for some unlawful purpose or to gain some advantage. The Court also is satisfied that the impact of Plaintiff's delay on judicial proceedings is, or will be, minimal.

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin*, 705 F.2d at 845. The Court will set aside the entry of default at this time.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default, (Docket No. 39), is **GRANTED** and Plaintiff's Motion for Default Judgment, (Docket No. 40), is **DENIED**.